PER CURIAM.
Nazarrio Nikita James, defendant, appeals his convictions and sentences for the crimes of burglary of a dwelling with a battery and with a firearm, aggravated assault with a firearm (2 counts), and aggravated battery. We find no merit in any of defendant’s arguments but are compelled to address one claim of error.
Defendant argues that the trial court erroneously enhanced the two counts of aggravated assault with a firearm under section 775.087(1), Florida Statutes (1997). The state incorrectly concedes error on this issue and agrees to re-sentencing on these two counts.
A review of the sentencing transcript reveals the trial judge’s oral pronouncements:
THE COURT: As to Count 1, I sentence you to 30 years in state prison as a Habitual Violent Offender with a fifteen-year minimum mandatory. As to count 2, I sentence you to 30 years in state prison with a ten-year minimum mandatory. As a Habitual Violent Offender to run concurrent to count 1.
As to Count 3, I sentence you to 30 years in state prison with a ten-year minimum mandatory to run concurrent to Counts 1 and 2. As to Count 4, I sentence you to — I’m sorry. Is Aggravated Assault a 2nd Degree?
MS. FELDMAN: Aggravated Assault with a Firearm is a 3rd Degree felony.
*1201 THE COURT: Scratch that. As to Count 2 — buck up — and as to Count 2, I sentence you to ten years in State prison with a ñve-year minimum mandatory. As to Count 3, I sentence you to ten years in state prison with a ñve-year minimum mandatory. As to Count 4, I sentence you to 30 years State prison with a ten-year minimum mandatory. All of this counts are to run concurrent to each other.
(Emphasis added).
It is clear that the trial judge realized, as she pronounced the sentence, that she was mistaken about the level of the offense. Recognizing her mistake, she sought confirmation from counsel. She then correctly sentenced defendant to the lesser maximum permitted by law for a third degree felony where the defendant is a habitual violent offender' — ten years.
The state’s confession of error is undoubtedly based on its review of the final judgment, which erroneously identified the crimes charged in counts 2 and 3 as second degree felonies. This however, is a scrivener’s error that can easily be corrected.
We affirm defendant’s convictions and sentences in all regards. We remand to the trial court for correction of the above mentioned scrivener’s error so that the final judgment will conform to the oral pronouncements of the trial court.
Affirmed.